**XUE QI GAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.**

No. 03–40878–AG.

United States Court of Appeals, Second Circuit.

May 9, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Chuck Rosenberg, U.S. Atty., Southern District of Texas, Cedric La Rue Joubert, Asst. U.S. Atty., Houston, Texas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROSEMARY S. POOLER, Circuit Judges.

SUMMARY ORDER

Xue Qi Gao petitions for review of a final order of the Board of Immigration Appeals

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

("BIA") affirming an immigration judge's ("IJ") decision, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

█ Because of a major flaw in the IJ's reasoning in his adverse credibility decision, discussed below, which was not disavowed by the BIA in its affirmance thereof, remand in this cas is necessary. A remand in this case is in accordance with this Court's recent decisions in both *Xiao Ji Chen v. U.S. Dept. of Justice*, 434 F.3d 144, 160–62 (2d Cir.2006), as it can not be stated with confidence that a remand in light of this error would be futile, and *Cao He Lin v. U.S. Dept. Of Justice*, 428 F.3d 391, 395 (2d Cir.2005), as the IJ did not rely "so little on the error-infected aspect" of his reasoning.

The record does not bear out the IJ's assertion that Gao clearly contradicted himself in the way that the IJ deemed crucial: that Gao testified that he paid the fine in 1989. The IJ also erroneously concluded that Gao contradicted himself by saying that two fines were levied against him, by indicating later that only one fine was levied against him in 1998. This conclusion was incorrect, and in contradiction to the IJ's finding during the hearing, arrived at after clearing up confusion emerging as to whether Gao had been subject to one or two fines, that, "Well, then, we're talking only about one fine.".

The additional two points as to which the IJ noted that Gao was inconsistent concerning the fines—that he testified he paid them in 1998, but the receipt was dated 1999, and that he testified he paid 6,000 RMB, but the receipt indicated he paid 5,000 RMBare supported by the record. However, remand is still appropriate. It is clear from the record that the main emphasis related to the fines was the discrepancy the IJ perceived in Gao's testimony that he paid in 1989, as borne out by the IJ's warning in relation thereto that "Sir, you haven't explained how you paid the fine in 1989 and 1999. I don't understand that. This is your opportunity to explain it so I don't have to deny your case."

█ Lastly, while it is true that Gao did testify that he was arrested three times, and did not speak of these arrests at his pre-hearing interviews, these inconsistencies standing alone do not provide substantial evidence to support the IJ's credibility finding. In addition, the IJ's decision to deny CAT relief based solely on the adverse credibility decision made as to Gao's asylum claim was in error. The IJ was required to consider all evidence of possible torture proffered by Gao, regardless of

the weight it accorded his testimony. *See Ramsameachire*, 357 F.3d at 184. Neither the IJ nor the BIA made such an inquiry, and as such, Gao's eligibility for CAT relief should also be assessed on remand, in accordance with *Ramsameachire.*

Accordingly, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).